UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FULFORD,<br>   Plaintiff,<br>  v.<br>DON M. GRIFFITH,<br>   Defendant. | Case No. 16-cv-00770-MEJ<br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br>Re: Dkt. No. 26 |

Plaintiff, a California prisoner currently incarcerated at California Medical Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging that Dr. Griffith was deliberately indifferent to his serious medical need. Now pending before the Court is Plaintiff's request for appointment of counsel. Dkt. No. 26. Plaintiff argues that appointment of counsel is necessary because he is indigent, he cannot locate counsel on his own, Dr. Griffith has not complied with the Court's order to file a dispositive motion, and Dr. Griffith has not responded to Plaintiff's letter. *Id.*

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together

before reaching a decision on a request for counsel under § 1915. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's request for appointment of counsel is DENIED. The Court finds that there are no exceptional circumstances requiring the appointment of counsel.[1] Plaintiff has ably litigated this action *pro se* thus far. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc) (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *see also Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough). However, the Court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

This order terminates Dkt. No. 26.

**IT IS SO ORDERED.**

Dated: April 19, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] The Court notes that, contrary to Plaintiff's allegation, Dr. Griffith has timely filed a dispositive motion. Dkt. No. 23.

2