UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FULFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>DON M. GRIFFITH,<br><br>    Defendant. | Case No. 16-cv-00770-MEJ<br><br>**ORDER REOPENING CASE; VACATING REFERRAL TO JUDGE VADAS; REINSTATING AMENDED SUMMARY JUDGMENT MOTION; DENYNG REQUEST FOR INMATE PARTICIPATION**<br><br>Dkt. No. 55 |

Plaintiff, a California prisoner currently incarcerated at California Health Care Facility – Stockton, filed this *pro se* civil rights action under 42 U.S.C. § 1983. On June 29, 2017, the Court referred this case to settlement proceedings before Judge Vadas, and stayed and administratively closed the case pending the settlement proceedings. Dkt. No. 44. A settlement conference was held on October 4, 2017, and the parties were unable to reach an agreement. Dkt. No. 58. The parties reported that they are awaiting a ruling on the pending amended summary judgment motion. *Id.* Accordingly, the Court will re-open this case. The settlement referral to Judge Vadas is VACATED. Defendant's amended summary judgment motion is REINSTATED. The amended summary judgment motion is fully briefed,[1] and the Court will issue an order addressing the motion in due course.

Plaintiff's request for participation of inmate Alberto Villescas is DENIED. Dkt. No. 55. Plaintiff states that he suffers from severe disabilities and limitations due to illnesses and requests

---

[1] Defendant's amended summary judgment motion is docketed at Docket No. 34; Plaintiff's opposition is docketed at Docket Nos. 35, 36, 37, 38, and 45; and Defendant's reply is timely docketed at Docket No. 59.

that inmate Alberto Villescas participate at "all functions." *Id.* The Court construes this motion as seeking "next friend" status for Mr. Villescas. The next-friend standing doctrine permits persons unable to prosecute their own action to have third persons — "next friends" —stand in for them. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). In order to qualify for "next friend" status, Mr. Villescas must establish that (1) he is "truly dedicated" to Plaintiff's best interest; (2) that he has a "significant relationship" with Plaintiff; and (3) that there is an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why Plaintiff cannot appear on his own behalf to prosecute the action. *Id.* at 163–64. Plaintiff has not satisfied any of these requirements and he has ably prosecuted this action thus far. The Court DENIES the request for "next friend" status for Mr. Villescas. However, this does not mean that Plaintiff cannot receive assistance from Mr. Villescas in prosecuting this action. This Court's conclusion is simply that Mr. Villescas does not qualify for next-friend standing, and therefore Mr. Villescas may not file pleadings or any other documents in this case or make any appearances on Plaintiff's behalf.

The Clerk is directed to REOPEN this case, VACATE the settlement referral to Judge Vadas, and REINSTATE the amended summary judgment motion (docketed at Docket No. 34).

This order terminates Dkt. No. 55.

**IT IS SO ORDERED.**

Dated: October 18, 2017

MARIA-ELENA JAMES
United States Magistrate Judge